UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

P. REID, JR.
                           Plaintiff,

v.                                                        9:05-CV-0516
                                                         (TJM/GHL)

HEAD NURSE GONYEA and
OFFICER TWAITS,
                           Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

P. Reid, Jr., 01-A-0864
   Plaintiff *Pro Se*
Cape Vincent Correctional Facility
Route 12E, P.O. Box 739
Cape Vincent, NY  13618

HON. ELIOT L. SPITZER                       SENTA B. SIUDA, ESQ.
Attorney General for the State of New York    Assistant Attorney General
   Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, NY  13204-2455

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This action has been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, United States District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. § 636(b).  P. Reid, Jr. ("Plaintiff"), an inmate at Cape Vincent Correctional Facility, commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights.  (Dkt. No. 7 [Plf.'s Am. Compl.].)  Currently pending is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 22.)  Plaintiff has not opposed the motion.  For the reasons that follow, I recommend that Defendants' motion be granted.

I. BACKGROUND

Liberally construed, Plaintiff's *pro se* civil rights Amended Complaint sets forth **two** claims:

**(1)** On one or more occasions between **December 15, 2004**, and **March 17, 2005**, **Officer Twaits** orally **threatened** Plaintiff by stating that, if Plaintiff did not stop "writing letters of complaint[] about his tooth [to Camp Gabriels Correctional Facility Head Nurse Gonyea] . . . something would happen to him," including but not limited to his removal from Camp Gabriels Correctional Facility ("Camp Gabriels C.F.") to "a place where [Plaintiff] wouldn't have to worry about [his] tooth anymore." Indeed, on or about March 17, 2005, **Officer Twaits** issued Plaintiff an inmate misbehavior report in **retaliation** for Plaintiff's continuing to write letters of complaint about his tooth to Nurse Gonyea. In this way, **Officer Twaits** violated Plaintiff's right to file complaints about his prison conditions under the **First Amendment**; and

**(2)** At some point between **December 15, 2004**, and **March 17, 2005**, **Officer Twaits** and **Nurse Gonyea** disclosed Plaintiff's confidential medical information without Plaintiff's consent. Specifically, during this time period, **Nurse Gonyea** disclosed to **Officer Twaits** Plaintiff's confidential medical information dating back to December 15, 2004; and **Officer Twaits** used this information in writing Plaintiff's March 17, 2005, inmate misbehavior report. (It is clear that Officer Twaits improperly obtained and used Plaintiff's confidential medical information dating back to December 15, 2004, in writing Plaintiff's misbehavior report because, on or about December 15, 2004, Officer Twaits was the "lawns and grounds officer" at Camp Gabriels C.F. and thus could not have obtained Plaintiff's medical information in that capacity; furthermore, it is clear that it was Nurse Gonyea who gave Plaintiff's medical information to

Officer Twaits because the disciplinary ticket concerned "a medical issue that only she [as Head Nurse at Camp Gabriels C.F.] was to know about.") In this way, **Officer Twaits** and **Nurse Gonyea** violated Plaintiff's right to privacy under the **Fourth Amendment** and/or **Fourteenth Amendment**.

(Dkt. No. 7, ¶ II.D.)[1]

On August 9, 2005, Defendants moved to dismiss Plaintiff's Amended Complaint on the ground that Plaintiff failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 22, Part 2 [Defs.' Mem. of Law].) Specifically, Defendants argue that (1) Plaintiff's Amended Complaint fails to satisfy the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, (2) Plaintiff has failed to exhaust his administrative remedies, and (3) Plaintiff has failed to state a claim for any constitutional violation. (*Id*.)

By order filed October 27, 2005, the Court (1) reminded Plaintiff that he had not yet responded to Defendants' motion to dismiss, (2) granted Plaintiff an extension until November 27, 2005 to so respond, and (3) advised Plaintiff that his failure to so respond would be deemed consent to the relief requested in Defendants' motion. (Dkt. No. 24.) Still, Plaintiff did not respond to Defendants' motion to dismiss.

---

[1] *See Philips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) (In determining what claims a plaintiff has raised, "the court's imagination should be limited only by [the plaintiff's] factual allegations, not by the legal claims set out in his pleadings.").

**II.    DISCUSSION**

    **A.    Effect of Plaintiff's Failure to Respond to Motion**

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3).

Here, Defendants' motion to dismiss is properly filed, Plaintiff has failed to oppose it (despite being warned of the possible consequences of that failure), and Plaintiff has failed to show good cause why his failure to oppose Defendants' motion should not be deemed as consent to the granting of the motion. Therefore, I must determine whether Defendants have met their burden to demonstrate entitlement to dismissal under Rule 12(b)(6).[2]

    **B.    Review of Merits of Defendants' Motion**

        **1.    Law Generally**

A defendant may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To prevail on such a motion, the defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted).[3] A defendant may base this motion on

---

    [2]    *See also* Fed. R. Civ. P. 7(b)(1) (requiring motions to, *inter alia*, "state with particularity the grounds therefor").

    [3]    *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that

either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Rule 8(a)(2);[4] or (2) a challenge to the legal cognizability of the claim.[5]

Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a)(2)

---

could be proved consistent with the allegations.") (internal quotations and citation omitted).

[4] *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted); *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[5] *See Swierkiewicz* 534 U.S. at 514 ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") (citation omitted); *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 377 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim.") (citation omitted); *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord, Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01 Civ. 4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

does not require a pleading to state the elements of a prima facie case,[6] it does require the pleading to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) (quoting *Conley*, 355 U.S. at 47).[7] The purpose of this rule is to "facilitate a proper decision on the merits." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Conley*, 355 U.S. at 48). A complaint that fails to comply with this rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion).[8]

---

[6]  *See Swierkiewicz*, 534 U.S. at 511-512, 515.

[7]  *See also Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47); *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley*, 355 U.S. at 47).

[8]  Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history. *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]); *U.S. v. Casado*, 303 F.3d 440, 449 n.5 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *U.S. v. Terry*, 927 F.2d 593 [2d Cir. 1991]); *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 114 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *Zitz v. Pereira*, 225 F.3d 646 [2d Cir. 2000]); *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 57 (2d Cir. 2001) (citing, for similar purpose, unpublished table opinion of *Herman Miller, Inc. v. Worth Capitol*, 173 F.3d 844 [2d Cir. 1999]); *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *St. Charles Cable TV, Inc. v. Eagle Comtronics, Inc.*, 895 F.2d 1410 [2d Cir. 1989]); *Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 586 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *Planned Parenthood Fed'n of Am. v. Bucci*, 152 F.3d 920 [2d Cir. 1998]).

The Supreme Court has characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has rejected judicially established pleading requirements that exceed this liberal requirement. *See Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake."). However, even this liberal notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003); *see, e.g.*, *Dura Pharm.*, 125 S. Ct. at 1634-1635 (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).[9]

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) (citation omitted). "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Hernandez*,

---

[9] Several other decisions exist from the Second Circuit affirming the Rule 12(b)(6) dismissal of a complaint due to its insufficiency under Rule 8(a)(2) after *Swierkiewicz*. *See, e.g.*, *Johnson v. U.S.*, No. 03-6054, 2003 WL 22849896, at *1 (2d Cir. Dec. 2, 2003) (relying on pre-*Swierkiewicz* decision by the Second Circuit applying Rule 8[a] and Rule 12[b][6]); *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]). Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, I cite them because they clearly acknowledge the continued precedential effect, after *Swierkiewicz*, of cases from within the Second Circuit interpreting and Rule 8(a)(2). *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

18 F.3d at 136 (citation omitted).[10]  Indeed, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) (internal quotation and citation omitted).[11]

Finally, when addressing a *pro se* complaint, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).[12]  Of course, an opportunity to replead should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) (citation omitted); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) (citation omitted).

---

[10]  *See also Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (affirming dismissal under Rule 12[b][6]) (internal quotations and citation omitted).

[11]  Of course, the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended." *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y. 1980) (citations omitted), *accord*, *Gil v. Vogilano*, 131 F. Supp.2d 486, 491 (S.D.N.Y. 2001).

[12]  *See also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

**2.     Application of Law**

Upon thorough review of Defendants' motion papers and Plaintiff's liberally construed Amended Complaint, I have determined that Defendants are entitled to dismissal of Plaintiff's Amended Complaint, in part for the reasons stated in Defendants' memorandum of law.  (Dkt. No. 22, Part 2 [Defs.' Mem. of Law].)

Authority exists suggesting that a review of whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss.  *See*, *e.g.*, *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") (emphasis added) (citations omitted); *Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]).[13]  However, even if I were to treat Defendants' motion as contested, I would conclude that it has merit.

As I stated above, Defendants argue that Plaintiff's Amended Complaint should be dismissed for three reasons: (1) Plaintiff's Amended Complaint fails to satisfy the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; (2) Plaintiff has failed to exhaust

---

[13]     *See also Wilmer v. Torian*, No. 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, No. 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

his administrative remedies; and (3) Plaintiff has failed to state a claim for any constitutional violation. (Dkt. No. 22, Part 2 [Defs.' Mem. of Law].) Because I agree with Plaintiff's second argument (i.e., that Plaintiff has failed to exhaust his administrative remedies), I need not, and do not, reach the merits of Plaintiff's first and third arguments.[14]

Generally, I find that Plaintiff has failed to exhaust his administrative remedies for the reasons that Defendants state in their memorandum of law. (Dkt. No. 22, Part 2 at 4-6 [Defs.' Mem. of Law].) I would add only two points. First, Plaintiff signed his original complaint in this action only one day after Officer Twaits issued the misbehavior report at issue. (*Compare* Dkt. No. 2 [signed on 3/18/05] *with* Dkt. No. 7 [attaching misbehavior report, dated 3/17/05].) It is difficult for me to imagine how, in one day, Plaintiff could have *adequately* informed the Camp Gabriels C.F. Superintendent of his claims and had that claim denied. (Dkt. No. 7, ¶ IV.G. [alleging that Plaintiff somehow informed the Superintendent of the claims at issue on 3/18/05].)

Second, the Second Circuit has recently made clear that some exceptions exist to the requirement that prisoners exhaust their administrative remedies before filing suit.[15] However, I

---

[14] I note, however, that I express some skepticism as to the merits of these two arguments. With respect to each argument (i.e., that Plaintiff's Amended Complaint fails to satisfy the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that Plaintiff has failed to state a claim for any constitutional violation), I believe that Defendants have too narrowly construed Plaintiff's Amended Complaint. (Dkt. No. 22, Part 2 at 2-4, 6-8 [Defs.' Mem. of Law].) I believe that a careful and liberal reading of that Amended Complaint yields the answers to the questions that Defendants pose. (*Id*.) For this reason, I do not believe that the conclusions Defendants urge the Court to draw (with respect to these two arguments) are entirely consistent with a recent decision by the Second Circuit (published after Defendants filed their motion). See *Philips v. Girdich*, 408 F.3d 124 (2d Cir. 2005).

[15] Specifically, the Second Circuit has recently held that a three-part inquiry is appropriate where a defendant contends that a prisoner has failed to exhaust his available administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). See *Hemphill v. State of New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004). First, "the court must ask

can imagine no set of facts, consistent with Plaintiff's factual allegations, that would trigger one of these exceptions. For example, conspicuously absent from Plaintiff's Amended Complaint is any allegation that Officer Twaits threatened Plaintiff not to file a grievance with the Camp Gabriels C.F. Grievance Committee regarding the events at issue, or that Plaintiff wrote a letter to the New York State Department of Corrections Central Office Review Committee regarding the events at issue.

For these reasons, as well as the reasons stated by Defendants in their memorandum of law, I conclude that Plaintiff's Amended Complaint should be dismissed due to his failure to exhaust his available administrative remedies. My conclusion is only strengthened by the fact that, because Defendants' motion to dismiss is at the very least "facially meritorious,"[16] Plaintiff is deemed to have consented to that motion by failing to oppose it, under Local Rule 7.1(b)(3).

---

whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner." *Hemphill*, 380 F.3d at 686 (citation omitted). Second, if those remedies were available, "the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." *Id*. (citations omitted). Third, if the remedies were available and some of the defendants did not forefeit, and were not estopped from raising, the non-exhaustion defense, "the Court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements." *Id*. (citations and internal quotations omitted)

[16] *See Hernandez*, 2003 U.S. Dist. LEXIS 1625 at *8.

**ACCORDINGLY,** it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 22) be **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 9, 2005
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge